UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JONATHAN MINGO,

Plaintiff,

v.

WILLCOXIN, *et al.*,

Defendants.

Case No. 3:25-cv-00493-ART-CSD

ORDER

Nevada prisoner Jonathan Mingo brings this pro se civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he allegedly suffered while incarcerated at Lovelock Correctional Center. (ECF Nos. 1-1, 7). Mingo filed a complete application to proceed *in forma pauperis*. (ECF Nos. 1, 4). He also filed a notice, letter, a second complaint, exhibits, a declaration, and two motions. (ECF Nos. 5, 6, 7, 8, 9, 10, 11). Mingo's second motion seeks to "withdraw" his first motion and associated exhibits and declaration. (ECF No. 11). It asks to clarify whether any defendant responded to the first motion because that motion's docket text says responses were due by January 5, 2026. (*Id.*). And it is couched as an "emergency" motion. (*Id.*)

I.     DISCUSSION

"Emergency motions should be rare" and Mingo's second motion does not constitute an emergency. *See* LR 7-4. Mingo's first motion and associated declaration and exhibits contain evidence and discovery questions regarding Mingo's claims. (ECF Nos. 8, 9, 10). Those matters are not currently before the Court because it has not yet screened Mingo's operative complaint. Mingo was instructed when he filed this lawsuit that "[t]he parties may not file evidence with the Court until the course of litigation brings the evidence into question." (ECF No. 2 at 3). Because Mingo's first motion, exhibits, and declaration were prematurely filed, the Court grants his motion to withdraw those fugitive documents.

Mingo's second motion also seeks to clarify the "Responses due" deadline that was generated on the docket for his first motion. Mingo is advised that docket text stating when responses or replies are due is automatically generated whenever certain documents like motions are filed. Those deadlines do not apply to the Court. And unless otherwise ordered, those deadlines apply to the parties only after they have appeared in a lawsuit. No defendant filed a response to Mingo's first motion because no defendant has appeared in this lawsuit or was served with any filing herein. And service and appearances will not happen until after the Court screens Mingo's operative complaint.

As Mingo was advised when he filed this lawsuit, "[t]he Court will order service upon defendants when it is time to do so." (ECF No. 2 at 3). That time has not come yet. The Court clarifies that because Mingo submitted signed complaints and filed a complete *in forma pauperis* application, the next step in this lawsuit is for the Court to enter an order screening his operative complaint under 28 U.S.C. § 1915A. (*See id.* at 2 at 1 (informing Mingo that the Court will review his "complaint before docketing and service of defendants")). Mingo is advised that the Court will screen his operative complaint in the normal course.

Mingo is cautioned that filing repetitive motions or seeking relief about matters that are not pending before the Court will not increase the speed with which the Court is able to proceed in this case. The Court has a heavy docket. Filing repetitive or premature motions are abusive litigation practices that strain the Court's resources and generally delays a decision in the case. This Court is sensitive to Mingo's pro se status, but that status is not a license to abuse the litigation process and ignore the rules and orders of this Court. Mingo is cautioned that "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012). And because pro se status does not permit litigants to harass others or needlessly clutter already full court dockets, district courts have the inherent power to control their dockets including striking documents, awarding monetary sanctions, dismissing actions, and filing

"restrictive pre-filing orders against vexatious litigants with abusive and lengthy histories of litigation." *Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999); *accord Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404–05 (9th Cir. 2010) (reiterating that district courts' inherent power to control their dockets "includes the power to strike items from the docket as a sanction for litigation conduct" and goes "as far as to dismiss entire actions to rein in abusive conduct").

## II.    CONCLUSION

It is therefore ordered that Mingo's emergency motion to withdraw documents and for clarification (ECF No. 11) is granted in part: Mingo's first motion and associated exhibits and declaration (ECF Nos. 8, 9, 10) are considered withdrawn, and the Court clarifies that no defendant responded to Mingo's first motion or was required to do so because the next step in this lawsuit is for the Court to screen Mingo's operative complaint. Mingo's emergency motion to withdraw is denied in all other respects.

The Clerk of Court is directed to resend Mingo the advisory letter (ECF No. 2) and send him a courtesy copy of General Order No. 2021-05 to review.

DATED: February 24, 2026.

_____
UNITED STATES MAGISTRATE JUDGE

3